NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZANE M. FLOYD, | No. 21-16134 |
| Plaintiff-Appellee, | D.C. No. 3:21-cv-00176-RFB-CLB |
| v. | |
| CHARLES DANIELS, Director, Nevada Department of Corrections; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted October 26, 2021
San Francisco, California

Before: BERZON, OWENS, and FRIEDLAND, Circuit Judges.
Concurrence by Judge BERZON

Charles Daniels, Director of the Nevada Department of Corrections

("NDOC"), and other NDOC defendants (collectively, the "NDOC Defendants")

appeal the district court's order granting inmate Zane M. Floyd's motions for a

preliminary injunction and a stay of execution. Because this appeal is moot, we

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

dismiss.

A case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fikre v. FBI*, 904 F.3d 1033, 1037 (9th Cir. 2018) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). "Generally, the expiration of an injunction challenged on appeal moots the appeal," *Edmo v. Corizon, Inc.*, 935 F.3d 757, 782 (9th Cir. 2019), but an expired injunction may present a live controversy if the challenged action is "capable of repetition, yet evading review," *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1287 (9th Cir. 2013) (quoting *NAACP, W. Region v. City of Richmond*, 743 F.2d 1346, 1353 (9th Cir. 1984)). The "capable of repetition, yet evading review" exception to mootness applies only if "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540 (2018) (quoting *Turner v. Rogers*, 564 U.S. 431, 439-40 (2011)).

The district court's preliminary injunction stayed Floyd's execution to give him time to investigate and litigate the newly announced execution protocol. Starting three days after the preliminary injunction was entered, and through the time of this decision, a state court stay has also been blocking Floyd's execution. The preliminary injunction expired by its own terms on October 25, 2021.

2

Because Floyd has now had the time he requested to investigate NDOC's execution protocol and the NDOC Defendants are no longer constrained by the district court's preliminary injunction, we are unable to "grant any effectual relief" to either party. *United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1112 (9th Cir. 2012) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)).

Nor does any exception to mootness apply here. In *Greenpeace*, we held that a time-limited preliminary injunction that had expired by its own terms was reviewable on appeal because "we ha[d] every reason to believe that the underlying wrong [would] recur" the following year, recreating the exact dispute between the same parties. 709 F.3d at 1288. Here, by contrast, the specific challenged conduct—NDOC's plan to execute Floyd using a new lethal injection protocol containing eight untested drug combinations, leaving mere weeks for Floyd to research and litigate the protocol's constitutionality—is unlikely to recur. The district court has ordered discovery on the new protocol, and it will soon consider the merits of Floyd's Eighth Amendment challenge.

Future changes to NDOC's execution protocol might raise new due process concerns for Floyd. But they are unlikely to implicate the quite discrete question the district court addressed and the parties dispute here—whether under the specific circumstances of this case, Floyd had a procedural due process right to at

3

least 90 days before execution in which to investigate and litigate the newly announced drug protocol. As the parties' briefs indicate, determining the answer to this question would focus on deciding whether Floyd knew of the drugs to be used before the protocol was officially announced and whether or how the amount of time state officials took to devise the protocol is relevant in assessing the amount of time Floyd fairly needed to investigate the new protocol. The circumstances prompting these questions are not likely to recur, so the case as it has been presented to us is moot.

Accordingly, this appeal is DISMISSED as moot.[1]

**DISMISSED.**

---

[1] Floyd's request for judicial notice is GRANTED.

*Floyd v. Daniels*, 21-16134
BERZON, Circuit Judge, concurring:

I concur in the disposition.

It is important to be clear that the only question addressed by the challenged injunction concerns the precise amount of time to which Floyd was entitled as a matter of procedural due process to investigate and contest a novel and complex set of alternative drug protocols to be used in his execution. The state did fully disclose the new protocols about six and a half weeks before the scheduled execution, so the appeal does not turn on whether there is a constitutional duty of disclosure. I have no doubt that there is, as I have written before. *See First Amendment Coal. of Ariz., Inc. v. Ryan*, 938 F.3d 1069, 1082 (9th Cir. 2019) (Berzon, J., concurring in part and dissenting in part) (Arizona's secretive "approach to devising, announcing, and recording its execution procedures denies condemned inmates their right under the Fourteenth Amendment to procedural due process of law."); *Lopez v. Brewer*, 680 F.3d 1068, 1083 (9th Cir. 2012) (Berzon, J., concurring in part and dissenting in part) (noting that "the lack of access of the public and counsel" to Arizona's "pre-execution procedures," along with other factors, "amounts to a procedural due process violation"); *see also Beaty v. Brewer*, 649 F.3d 1071, 1073 (9th Cir. 2011) (Reinhardt, J., dissenting from the denial of rehearing en banc) ("Beaty has a right to reasonable notice of changes or variations to the mode and manner in which the State plans to carry out his

1

execution in order to review it and ensure that it comports with constitutional requirements.").

There is also, in my view, a procedural-due-process-based right to a reasonable period to contest the drug protocol. *See First Amendment Coal.*, 938 F.3d at 1084–85 (Berzon, J., concurring in part and dissenting in part); *Lopez*, 680 F.3d at 1083–84 (Berzon, J., concurring in part and dissenting in part). But whether, on the particular facts before the district court, that period was the ninety day period the injunction required or whether, as the state maintained, the six-and-a-half-week period between the disclosure of the protocol and the then-scheduled execution was sufficient, is a question that is extremely unlikely to recur in its present form.

When asked at argument, the state maintained—but only in passing, and with no real conviction—that there is *no* procedural due process right at all to pre-execution disclosure to the person whose execution is planned of the drug protocol the state plans to use. That position is surely wrong. But, as I have explained, a pre-execution due process disclosure requirement was never implicated by this case, as there *was* disclosure. The injunction addressed a different question—the precise timing of the execution after disclosure, given the nature of the drug protocol and the circumstances of its adoption. As between these parties, that

question is, for the reasons stated in the disposition, not within the capable-of-repetition-yet-evading-review exception to mootness.